W. H. BIVENS, ET AL. v. BOARD OF EDUCATION, BOARD OF COMMIS-
SIONERS, AND THE SHERIFF OF STANLY COUNTY.

(Filed 21 May, 1924.)

**Schools—Taxation—Consolidation of Special Tax with Non-Special Tax Districts—Equal Benefits—School Terms—Statutes.**

The authority given the board of education to create special school taxing districts, in which, after the boundaries are defined and recorded, an election on the question of a special tax may be held as the act requires, is to equalize in the district so formed the advantages which the schools afford; and where a special district has approved, at an election held for the purpose, a special tax to continue its schools beyond the six-months period required by the Constitution, and has later been combined

into a district with others having no special tax, or without an election held for the purpose of voting a special tax under the consolidation, the position may not be maintained by the special-tax district, thus consolidated, that it may exclusively use its special tax for the continuance of its own school term beyond that of the other portions of the district thus consolidated.

APPEAL by defendants from an order of *Shaw, J.,* continuing a restraining order to the final hearing.

The undisputed facts are as follows:

1. An election was held in what was then Aquadale School District on 14 June, 1921, for the purpose of creating a special-tax district, at which a majority of the Aquadale voters voted for a special-tax district; but on account of the alleged irregularity in the calling and holding of said election no tax was levied until after a special act of the Legislature of 1923, which validated the defects in said election.

2. On 11 June, 1923, the county board of education adopted a county-wide plan of consolidation for the county of Stanly, and in so doing they consolidated four nontax school districts with the old Aquadale School District, which district had formerly voted in favor of the special tax.

3. In the year 1923 the county commissioners for Stanly County, at the time of levying other taxes, and after the consolidation of said districts, levied a special tax in that part of the present Aquadale School District which had formerly voted the special tax.

4. The sheriff of Stanly County now has in his hands the tax books for collection and has collected about $200 of the special tax, which is now in his hands, a part of which was paid under protest.

5. Said special tax was levied in that part of Aquadale School District which had formerly voted for the special tax, for the purpose of extending the school term for all the children living in said special-tax district.

6. The county board of education has erected in said school district a handsome brick building with ten rooms from the general school funds of the county, without any cost whatever to the special-tax portion of said district, all without any cost to the non-tax portions of said district.

Upon these facts his Honor adjudged the levy and collection of the special tax in that part of the present Aquadale School District which had formerly voted the special tax to be illegal and void, and continued to the hearing the order restraining the levy and collection of the tax. The defendants excepted and appealed.

*Bogle & Bogle for plaintiff.*
*R. L. Smith & Sons for defendant.*

ADAMS, J. Under the act codifying the laws relating to public schools the board of education is given power to create special-taxing districts, in which, after the boundaries are defined and recorded, an election on the question of a special tax may be held as the act provides. Public Laws 1923, ch. 136, ·Art. 18; *Sparkman v. Comrs., ibid.,* 241. But in this case the county board of education merely consolidated Aquadale, which is a special-taxing district, with four other districts in which no tax has been levied or. authorized. In fact no election has been called in either of these four nontaxing districts.

His Honor held in effect that a school district composed of several consolidated districts cannot be maintained half taxing and half not taxing. The advantages as well as the privileges should be equal, for the purpose of the school law, as indicated in the county-wide plan of organization, is to equalize the advantages which the schools afford. But one of the grounds on which the defendants ask a reversal of the judgment is that the tax in the Aquadale District was levied for the benefit of this district and no other. They say that section 77 applies only where two or more districts having different rates are consolidated and a tax is levied in the entire district; and they take the position that after the expiration of six months, during which the school in the consolidated district must continue, the Aquadale District may prolong the term for its own benefit under the local tax. This construction would nullify the consolidation; there would be a theoretical but not ·an actual consolidation of the districts within the meaning of the law. Our investigation has not disclosed any authority for holding that a segregated part of a consolidated district may be taxed even for its own benefit while the remainder of the district is exempt. The entire district should be either subject to the tax or exempt from it. Section 77 authorizes the consolidation of districts having different local tax rates, and provides that the local tax rate to be levied in the consolidated district shall be the lowest tax rate voted in any of the original districts. In construing a statute which provided that "no taxpayer in such consolidated district should be required to pay a higher special tax than that voted originally in his district," *Stacy, J.,* said: "But the statute is silent with reference to fixing the uniform rate or rates where local-tax districts or special chartered districts are combined with nonlocal-tax districts. Just here we have experienced some difficulty in applying the provisions of this enactment of the Legislature. It follows as a matter of course that if the·county commissioners cannot establish for any consolidated district a rate of tax higher than that originally voted in any part of said district, and some part has voted no tax at all, then,· under the clause requiring that the different rates shall be made uniform, it appears that the commissioners, in such cases, would be re-

quired to reduce the tax to nothing; or, to state it differently, in such cases they *ipso facto* would seem to be without any proper authority at all to levy these special uniform taxes throughout the entire district." *Perry v. Comrs.,* 183 N. C., 387, 392.

The defendants do not contend that the tax can be levied throughout the consolidated district, and in our opinion it cannot be levied in only a portion of the district. The judgment is

Affirmed.